

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2010

# USA v. Edward Coleman

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Edward Coleman" (2010). *2010 Decisions.* Paper 1675.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1675

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 09-3142
_____

UNITED STATES OF AMERICA

v.

EDWARD COLEMAN,
a/k/a John Long

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Cr. No. 04-cr-00097)
District Judge: Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2010
Before:   BARRY, AMBRO and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 22, 2010)
_____

OPINION
_____

PER CURIAM

    Edward Coleman, proceeding <u>pro se</u>, appeals the order of the District Court

denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B).  For the

following reasons, we will affirm.

I.

In 2004, Coleman was indicted in the United States District Court for the Eastern District of Pennsylvania on two counts of possession of a firearm by a convicted felon and three counts of possession of a controlled substance. The indictment stemmed from two unrelated arrests on June 13, 2003 and September 26, 2003. A jury found him guilty of the three counts resulting from the June 13 arrest; he later pled guilty to the remaining two counts. At sentencing, the base offense level for the firearm count was used, as it was higher than that for the drug count. Because Coleman had a least two prior convictions for drug or violent felonies, the base offense level was 24. His status as an armed career offender increased the level to 33. The District Court sentenced him to 240 months of imprisonment, near the low end of the 235-to-293-month range. We affirmed Coleman's conviction and sentence. United States v. Coleman, 451 F.3d 154 (3d Cir. 2006), cert. denied, 549 U.S. 1137 (2007).

Coleman filed a pro se motion under 28 U.S.C. § 2255 in November 2007. The District Court denied that motion in January 2009 and we denied his request for a certificate of appealability ("COA") in October 2009. In May 2009, while his request for a COA was pending, Coleman filed a "Motion to Modify an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(B)... predicated upon modifying statute 28 U.S.C. § 2255." After giving Coleman notice pursuant to United States v. Miller, 197

2

F.3d 644 (3d Cir. 1999), the District Court denied the motion in June 2009. Coleman timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's determination that a defendant is ineligible for a sentence reduction pursuant to § 3582(c). See United States v. Sanchez, 562 F.3d 275, 277 & n.4 (3d Cir. 2009).

## III.

Coleman argues that the District Court erred in denying his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B). That section states that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Coleman contends that 28 U.S.C. § 2255 is the modifying statute that would authorize this Court to reduce his sentence.

Coleman claims that the sentencing court erred in classifying him as an armed career offender. He argues that his prior convictions do not qualify as "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii)[1] because they were for relatively small quantities of narcotics. Nevertheless, the record shows that his prior convictions did

_____

[1] Under § 924(e)(2)(A)(ii), a "serious drug offense" is one that carries "a maximum term of imprisonment of ten years or more."

qualify as "serious drug offenses," given that possession with the intent to distribute or deliver cocaine carries a ten-year maximum sentence. 35 Pa. Stat. § 780-113(f)(1.1).

The purpose of Coleman's invocation of § 2255 is unclear. To the extent he is seeking to overturn the conviction on which his career criminal status is predicated, § 3582 is not the appropriate vehicle to do so. Because he has already challenged his present conviction and sentence via § 2255, he may not do so again without first obtaining authorization from us. See §§ 2244, 2255.

VI.

For the foregoing reasons, we will affirm the District Court's judgment.